**Ivan B. DAVIS, Appellant**

v.

**BERKS COUNTY PHILADELPHIA; Berks County Prison; James Cooper, Correction Officer; Berks County Prison Board; Joi Franklin; Frank Galonis; John Does 1–8; John Does 9–18; George Wagner.**

No. 08–3026.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 9, 2009.

Filed: Nov. 12, 2009.

Matthew A. Hamermesh, Esq., Hangley, Aronchick, Segal & Pudlin, Philadelphia, PA, for Appellant.

Matthew J. Connell, Esq., Scott C. Gottel, Esq., Holsten & Associates, Media, PA, Joseph J. Santarone, Jr., Esq., Audrey J. Copeland, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, King of Prussia, PA, for Berks County Philadelphia.

Before: SCIRICA, Chief Judge, RENDELL and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Plaintiff Ivan Davis claims that while he was incarcerated at the Berks County Prison, three correctional officers, defendants James Cooper, Frank Galonis, and Joi Franklin, used excessive force against him, unnecessarily and wantonly inflicting pain, constituting cruel and unusual punishment in violation of the Eighth Amendment. Davis also claims that Galonis and Franklin improperly failed to intervene to stop other guards from attacking him. During trial, at the close of Davis's case in chief, the District Court granted Galonis's and Franklin's motions for judgment as a matter of law on the excessive force claims against them. The court submitted the remaining claims to the jury. The jury found for defendants on all of the claims.

On appeal, Davis challenges the District Court's entry of judgment as a matter of law on his claims against Franklin,[1] as well as its denial of Davis's motion for a new trial on the ground that the court improperly instructed the jury regarding the elements of an excessive force claim. We will reverse the entry of judgment as a matter of law in favor of Franklin on the excessive force claim and remand for a new trial on that claim. However, we will affirm the denial of the motion for a new trial based on the challenge to the jury instructions.

## I. Background

This case concerns an incident that occurred at the Berks County Prison on September 10, 2002. After Cooper found Davis using a pay phone without authorization, a physical altercation occurred. Although many of the details of the altercation are disputed, the parties agree that Davis bit Cooper's arm. Davis claims that he did this in self-defense, after Cooper had slammed Davis's head into a wall numerous times, punched him, and attempted to choke him. According to Davis, Galonis witnessed this incident but failed to intervene to stop Cooper's actions. At some point, Cooper requested assistance from other officers. Davis was then handcuffed and escorted to a high-security cell in the Behavioral Adjustment Unit ("BAU").

During the presentation at trial of his case in chief, Davis testified that after he had been moved to the BAU cell, Galonis and other correctional officers continued to beat him. Davis stated that Franklin watched this beating occur but did not intervene. Davis also testified that after the other guards had "finished kicking me and punching me," Franklin "kicked me two times in my butt, and one time in my back." App. 1 19a–120a. It is not clear from the evidence presented by Davis whether his handcuffs had been removed upon his arrival at the BAU cell.

Davis testified that the guards who were present in the BAU cell at that time said to him, "[M]other fucker, this is going to happen to you for assaulting one of our officer [sic], every time you be in here, something is going to happen to you." App. 120a. Davis's testimony is unclear regarding whether Franklin herself made this statement. However, another prisoner, Angel Cotto, when asked if "Sergeant

---

1. Davis does not appeal the grant of Galonis's motion for judgment as a matter of law.

Franklin [said] anything," gave the following testimony in a deposition (which was read at trial during Davis's case in chief):

I believe she either told [Davis] to shut the fuck up. He was asking—he was telling them to stop hitting him and they were telling him that this is what you get for fucking—Sergeant Crowley and Sergeant Franklin were telling him, this is what you get for fucking one of my officers.

App. 222a–223a. Later in that deposition, Cotto reiterated that he heard Franklin "telling [Davis] to shut the fuck up and telling him that that's what he gets for fucking one of her officers." App. 238a. Davis also testified that he sustained back pain (along with other injuries) as a result of the defendants' actions, and that this back pain persisted to the time of trial, over five years later. App. 120a–121a.

After the conclusion of Davis's case in chief, Franklin moved under Federal Rule of Civil Procedure 50(a) for entry of judgment as a matter of law on the excessive force claim. App. 255a–256a. Franklin argued that Davis had not established that Franklin caused "any harm or any damages" when she kicked him, and that "therefore . . . there is no testimony that [the kicks] were excessive under the circumstances." App. 256a. She also argued that kicking him amounted to a "minimum use of force." *Id.*

The District Court granted Franklin's motion, stating,

[T]he only evidence is that [Davis] was on the ground and that, in the plaintiff's words, [Franklin] administered two kicks on the butt and one on the back.

There is no evidence in the record of any harm. The plaintiff has testified as to his injuries and there really is no evidence of any harm caused by any kicking in the back or the buttocks of Mr. Davis.

I do not see any evidence of malice or a purpose to cause harm, and I do not think the evidence against Correction Officer Joi Franklin rises to the level of excessive force.

App. 260a. The District Court also granted Galonis's motion for judgment as a matter of law on the excessive force claim.

The trial continued on the excessive force claim against Cooper and the failure-to-intervene claims against Franklin and Galonis. At the end of trial, the court's jury instruction on the elements of excessive force claim included the following language:

I should tell you that Pennsylvania Law provides that a corrections officer may use force in self defense or to prevent an assault on staff or other prisoners.

So, the use of force is sanctioned and permitted by Pennsylvania Law. The issue here is whether there was excessive force, because it is excessive force that would constitute a constitutional violation.

To establish his claim for a violation of the 8th Amendment Mr. Davis must prove that the defendant used force against him maliciously for the purpose of causing harm rather than in a good faith effort to maintain or restore discipline.

App. 555a–556a. Davis had objected to the instruction regarding Pennsylvania's self-defense law during the charging conference. App. 420a.

The jury found for Cooper on the excessive force claim, and for Galonis and Franklin on the failure-to-intervene claims. App. 588a.

Davis moved for a new trial under Rule 59(a) on the grounds that it was error to grant Galonis's and Franklin's motions for judgment as a matter of law and to pro-

vide the self-defense jury instruction regarding the excessive force claim. App. 590a–600a. The District Court denied the motion. With respect to Franklin's motion for judgment as a matter of law, the court found that there was "no evidence of any harm or injury" as a result of Franklin's actions, and that "there was no evidence of malice or a purpose to cause harm on the part of Officer Franklin." App. 12a–13a. With respect to the self-defense instruction, the court held that it was proper to instruct the jury on a correctional officer's right to use force in self-defense, especially when that instruction is considered in the context of the entire charge. App. 8a–10a. This timely appeal followed.

The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

## II. Judgment as a Matter of Law

Our review of a decision granting judgment as a matter of law is plenary. *Buskirk v. Apollo Metals*, 307 F.3d 160, 165–66 (3d Cir.2002). A district court should grant a motion for judgment as a matter of law only if, "viewing the evidence in the light most favorable to the nonmovant and giving [him] the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir.1993). We apply the same standard as the district court. *Buskirk*, 307 F.3d at 166.

Prison officials violate the Eighth Amendment when they apply force "maliciously and sadistically to cause harm," rather than "in a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). If a plaintiff establishes that a prison official acted with malice, he need not show that "significant injury" resulted from the official's actions. *Id.* at 9, 112 S.Ct. 995; *see also Brooks v. Kyler*, 204 F.3d 102, 108 (3d Cir.2000). However, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9–10, 112 S.Ct. 995 (citations and internal quotation marks omitted).

On appeal, Davis argues that the District Court erred by (1) finding that Franklin's use of force against Davis was *de minimis;* (2) finding that Franklin had not acted with malice; (3) requiring Davis to show significant physical injury; and (4) finding that Franklin had not caused Davis any physical injury. In response, Franklin contends that Davis had offered insufficient evidence of his injuries and of Franklin's state of mind. Franklin argues that Davis should have offered "testimony that he suffered bruising or other physical injury," and should have called Franklin as a witness.

We conclude that a jury could have reasonably found, based on the evidence offered by Davis in his case in chief, that Franklin had used force that was not *de minimis,* that Franklin had acted with malice, and that the injury shown was sufficient to support a verdict in Davis's favor. According to the testimony of Davis and Cotto, Franklin said that she was kicking Davis in retaliation for his assault on Cooper. Davis had already been moved by the guards to a more secure cell, in the BAU, and was no longer attacking the guards. It also appears from Davis's testimony that he had been handcuffed before being moved to the BAU, and that the handcuffs had not yet been removed. This indicates that any threat to the prison's staff and inmates

had ended, and that there was no need for the further use of force by Franklin and the other guards. Also, Davis testified that he had sustained injuries to his back that had endured for over five years, further substantiating his claim that Franklin was using excessive force. Under *Hudson*, and when viewed in the light most favorable to Davis, this evidence was sufficient for the jury to have concluded that Franklin had acted maliciously and sadistically to cause harm, rather than to restore prison discipline. Although Franklin may have ultimately been able to convince the jury of her version of events, it was premature for the court to grant judgment as a matter of law on this record.

We also disagree with the District Court's assessment of the record regarding Davis's injuries and its statement that there was "no evidence in the record of any harm." App. 260a. Davis had testified that "[his] back was in pain from the punching and the kicking," and that his back "still hurt from the beating" at the time of trial. App. 120a–121a. Even if Davis had not offered this testimony, however, that would not have justified the dismissal of his claim. As we have previously commented, "the absence of significant resulting injury is not a *per se* reason for dismissing a claim based on alleged wanton and unnecessary use of force against a prisoner. Although the extent of an injury provides a means of assessing the legitimacy and scope of the force, the focus always remains on the force used (the blows)." *Brooks*, 204 F.3d at 109.[2]

## III. Jury Instructions

When examining jury instructions, we exercise plenary review to determine whether the jury charge, taken as a whole, was capable of "confusing and thereby misleading the jury" as to the correct legal standard. *Mosley v. Wilson*, 102 F.3d 85, 94 (3d Cir.1996) (internal quotation marks and citation omitted).

Davis argues that the District Court's instruction regarding Pennsylvania's self-defense law "replaced well-established federal constitutional law under the Eighth Amendment with a state law standard." This argument is unconvincing. The District Court followed its comment regarding self-defense with a lengthy, and accurate, description of the law regarding excessive force. When viewed in the context of the entire instruction, we therefore cannot conclude that the jury charge was error.

## IV. Conclusion

For the reasons set forth above, we will REVERSE the entry of judgment as a matter of law in favor of Franklin on the Eighth Amendment claim and will REMAND for a new trial on that claim. However, we will AFFIRM the denial of the motion for a new trial on the ground that the jury instructions were erroneous.[3]

**2.** The District Court relied on our statement in *Fuentes v. Wagner*, 206 F.3d 335, 345 (3d Cir.2000), that "[t]he objective inquiry is whether the inmate's injury was more than *de minimis*," which was followed by a general cite to *Hudson v. McMillian*. This sentence in *Fuentes* was drawing a distinction between the subjective—purpose of force—and objec-

tive—harm caused by the force—and was not intended to limit *Hudson's* holding, which was much broader, as we discuss herein, and which, as we recognized in *Brooks* and again in *Smith v. Mensinger*, 293 F.3d 641 (3d Cir. 2002), clearly controls.

**3.** We will not disturb the jury verdict for Franklin and Galonis on Davis's failure to

intervene claim or for Cooper on the exces-       sive force claim.